UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07248-DOC (DFM) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Ernest Christopher Moore v. L.S. McEwen | | |

| Present: The Honorable | Douglas F. McCormick |
|---|---|

| Deputy Clerk: | Court Reporter / Recorder: |
|---|---|
| Terri Steele | n/a |

| Attorney(s) Present for Plaintiffs: | Attorney(s) Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings:**     (In Chambers) Order to Show Cause

    When this Court granted Petitioner's request for a <u>Kelly</u> stay on February 25, 2013, it required Petitioner to file a Status Report every 90 days updating the Court on the status of Petitioner's state habeas petitions. Petitioner initially filed Status Reports every 90 days. After Petitioner failed to file a status report for several months, the Court ordered Petitioner to file a status report within 28 days on November 6, 2014. Petitioner filed a status report on December 3, 2014, in which he indicated that the filing of a habeas petition in the California Supreme Court was "imminent." He also indicated that if he would voluntarily dismiss his pending federal habeas petition if a habeas petition was not filed in the California Supreme Court by December 15, 2014.

    On July 10, 2015, this Court issued an order directing Petitioner to submit a status report within twenty-one days. On July 27, 2015, Petitioner submitted a letter in which he updated the Court on his efforts to exhaust his state remedies. Dkt. 35. Petitioner indicated that he "will dismiss his federal habeas petition if doing so will not bar him from seeking federal relief in the future." <u>Id.</u> Petitioner then "request[s] to have his federal habeas petition dismissed in the interest of justice." <u>Id.</u>

    Petitioner is expressly forewarned that a dismissal may in fact bar him from seeking federal relief in the future. As this Court has previously advised Petitioner, <u>see</u> Dkt. 17, the AEDPA contains a one-year limitation period that may bar Petitioner from seeking relief if he dismisses the current petition. Put differently, a dismissal of Petitioner's claims may result in no federal court ever reviewing any of Petitioner's claims, including the exhausted claim (Ground One—insufficient evidence) that was included in Petitioner's original petition.

    At the same time, this Court notes that the order granting Petitioner a <u>Kelly</u> stay in 2013 informed Petitioner that he must exhaust his state remedies with respect to Ground Two "diligently" and "expeditiously." <u>See</u> Dkt. 17 at 6. Petitioner has failed to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07248-DOC (DFM) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Ernest Christopher Moore v. L.S. McEwen | | |

    Accordingly, the Court ORDERS Petitioner to show cause in writing within thirty (30) days of this order why the <u>Kelly</u> stay ordered in 2013 should not be vacated to allow this case to proceed to the merits on Ground One of the Petition. If Petitioner wishes to file a notice of dismissal of the petition, notwithstanding the warnings above, such a notice would be deemed an adequate response to the Court's order.

|  | : |
|---|---|
| Initials of Clerk | ts |